UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER THOMAS, | : | CIVIL ACTION NO. 3:CV-10-2406 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| JON FISHER, et al., | : | |
| Respondents | : | |

**FILED
SCRANTON**

JAN 2 6 2012

Per_____
DEPUTY CLERK

**MEMORANDUM**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Alexander Thomas during his prior confinement at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield). Thomas subsequently notified this Court that he was transferred to the State Correctional Institution, Pittsburgh, Pennsylvania (SCI-Pittsburgh) on September 6, 2011. See (Doc. 29).

Thomas was convicted of simple assault, aggravated assault, and recklessly endangering another person following a jury trial in the Luzerne County Court of Common Pleas. On February 10, 2003, Thomas was sentenced to a ten (10) to twenty (20) year term of imprisonment. Thereafter, Petitioner filed an unsuccessful direct appeal to the Pennsylvania Superior Court. His present petition challenges his Luzerne County conviction on the grounds of prosecutorial misconduct, trial court error, and ineffective assistance of counsel.

A response to the petition was filed on June 1, 2011. Therein, Respondents sought dismissal of Petitioner's action on the basis that he failed to exhaust his available state court remedies with respect to all but one of his arguments for relief. See (Doc. 16).

Presently pending is Petitioner's motion requesting that his action be stayed and held in abeyance pending his exhaustion of state court remedies. See (Doc. 28). Thomas states that he has filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), which is presently pending in Pennsylvania state court. Respondents have not submitted a response to Petitioner's motion. For the reasons set forth below, the Court will grant the unopposed request to

stay this action to allow Thomas an opportunity to complete the pending state court review.

**Discussion**

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005), and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims are exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The United States Supreme Court in Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his

2

unexhausted claims in state court. <u>Rhines</u>, 544 U.S. at 277. The Court of Appeals for the Third Circuit in <u>Crews</u> similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." <u>Crews</u>, 360 F.3d at p. 154 (internal citations omitted).

<u>Rhines</u> and <u>Crews</u> both contemplate that the initial federal petition must be timely filed. In the present case, Respondents have not sought dismissal of Thomas' action on the basis of being untimely filed and there is no other clear indication in the record that Thomas' pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. Additionally, Petitioner indicates that his pending § 2254 action includes claims that he is also attempting to assert via the PCRA petition which is presently under consideration in Pennsylvania state court. <u>See</u> (Doc.28, p. 3).

As in <u>Crews</u>, Thomas should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Accordingly, <u>Crews</u> counsels in favor of a stay of litigation in this case while Thomas exhausts the review process on his pending PCRA action. However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court proceedings, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Pennsylvania Superior and/or Supreme Court's disposition.

Petitioner has also filed a motion seeking leave to file an amended petition. <u>See</u> (Doc. 15). Because it has been determined that this matter should be stayed, Petitioner's motion to amend will be dismissed without prejudice. In the event that the stay is lifted, Thomas may reassert his request for leave to file an Amended Petition. An appropriate Order will issue.

_William Nealon_
**United States District Judge**

Dated: January 26, 2012

3